First National Bank of Omaha, a corporation, appellee and cross-appellant, v. First Cadco Corporation, et al., appellees and cross-appellees, impleaded with Micro Data Corporation, Inc., and Robert F. Lucas, et al., appellants and cross-appellees.

217 N. W. 2d 93

Filed April 18, 1974. No. 39247.

Robert F. Lucas, pro se.

Robert J. Becker of Swarr, May, Smith & Andersen, for appellee First Nat. Bank of Omaha.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, and Clinton, JJ., and White, District Judge.

McCown, J.

This is an appeal from a judgment entered after further proceedings following the mandate of this court in First Nat. Bank of Omaha v. First Cadco Corp., 189 Neb. 553, 203 N. W. 2d 770.

The particular portion of the mandate with which we are concerned here deals with the proceeds of a fraudulent transfer of real property, formerly owned by Evelyn Lucas and her husband, J. F. Lucas, as joint tenants. The defendant, Robert F. Lucas, was alleged to hold those proceeds under the terms of an undisclosed trust for Evelyn Lucas. The fraudulent transfer and sale was made in the latter portion of 1969, and the total sale proceeds received by J. F. Lucas were $144,000. Our original opinion also found that approximately $38,000 of the sale proceeds were used by J. F. Lucas to pay an indebtedness of his to the Greater Nebraska Corporation. This payment was also in 1969.

Our opinion then stated: "We find that the proceeds of the sale of the Lucas property were in the possession of Robert Lucas in 1970, and he should be required to account for the same. Accordingly, the order of the court dismissing him from the action is reversed." Our mandate affirmed the judgment of the District Court "except that the court finds error only in so much of the judgment of the district court dismissing Robert Lucas from the action and in this respect, the cause is reversed and remanded for further proceedings." The trial court then entered judgment on the mandate "that Robert F. Lucas account to and pay over to the plaintiff the sum of $140,000. Such accounting to be made in writing and filed with the court * * *."

After numerous applications, motions, and orders, Robert F. Lucas filed an "Accounting and Motions" purporting to list disbursements from the proceeds of the sale of real estate previously owned in joint tenancy by Evelyn and J. F. Lucas. That portion of the accounting which involved any item of claimed disbursement prior to January 1970, was stricken by the court and permission for Evelyn Lucas to testify in connection with the purported accounting was denied. The record reflects considerable confusion as to the amount of proceeds to be "accounted for" and the extent of accountability. The court then determined that Robert F. Lucas had refused to account properly and entered judgment against the defendant, Robert F. Lucas, in the sum of $144,000, the full amount of the sale proceeds received by J. F. Lucas in the latter part of 1969. This appeal followed.

In our former opinion we did not specify the amount of the sale proceeds in the possession of Robert F. Lucas in 1970, but we did specifically find that approximately $38,000 of the proceeds of the sale had been used by J. F. Lucas in 1969 to pay an indebtedness of his to the Greater Nebraska Corporation. The record now

shows that amount to be $38,903. While the total amount of the sale proceeds was $144,000 initially, the amount of the proceeds in the possession of Robert F. Lucas in 1970, for which he can be held responsible and accountable is $38,903 less. This court required Robert F. Lucas "to account for" those proceeds in the sense of holding him responsible and subject to judgment for them and also to indicate his accountability to disclose the ultimate disposition of those assets in aid of execution of a judgment. The phrase was not used in the sense of a listing of debit and credit items and a balancing of accounts.

The judgment of the District Court is modified and the cause is remanded to the District Court with instructions to enter judgment against Robert F. Lucas in the sum of $105,097.

JUDGMENT MODIFIED AND CAUSE REMANDED
WITH INSTRUCTIONS.